Hart, J.,
 

 dissenting. I concur in the first and second paragraphs of the syllabus but dissent from the propositions of law as stated in the third and fourth para
 
 *615
 
 graphs of the syllabus of the majority opinion and from the judgment. While a municipality may issue utility revenue mortgage bonds under Section 12 of Article XVIII of the Constitution to be secured by the property acquired or constructed with the proceeds arising from the sale of such bonds, such municipality may not issue such bonds to be secured by other property already owned by it.
 

 Section 12 of Article XVIII of the Constitution authorizing the issue of revenue bonds contains a proviso to the effect “that such mortgage bonds issued beyond the general limit of bonded indebtedness prescribed by law shall not impose any liability upon such municipality but shall be secured only upon the property and revenues of such public utility.”
 

 The city* of Middletown by the legislation adopted proposes to secure the bonds in question by a mortgage not only on the property proposed to be constructed from the proceeds arising from the sale of the bonds in question, but upon the transmission lines already owned by the municipality. This, under the settled authority of this state, as well as other jurisdictions, creates a liability upon the municipality.
 
 Village of Brewster
 
 v.
 
 Hill,
 
 128 Ohio St., 343, 190 N. E., 766;
 
 State, ex rel. Public Institutional Bldg. Authority,
 
 v.
 
 Griffith, Secy. of State,
 
 135 Ohio St.; 604, 22 N. E. (2d), 200;
 
 State, ex rel. Public Institutional Bldg. Authority,
 
 v.
 
 Neffner, Secy. of State,
 
 137 Ohio St., 390, 30 N. E. (2d), 705. See, also,
 
 Kasch
 
 v.
 
 Miller, Supt. of Public Works,
 
 104 Ohio St., 281, 135 N. E., 813;,
 
 State, ex rel. State Bridge Commission,
 
 v.
 
 Griffith, Secy. of State,
 
 136 Ohio St., 334, 25 N. E. (2d), 847.
 

 It is claimed, however, that when it is proposed by any municipality to issue revenue bonds to
 
 extend
 
 any public utility however acquired, the municipality may mortgage the whole utility property including the extension to secure such bonds, even though such bonds are beyond the general limit of bonded indebtedness
 
 *616
 
 prescribed by law. This interpretation is claimed from the language of Section 12 of Article XVIII of the Constitution wbicb provides that: “Any municipality which acquires, constructs or
 
 extends
 
 any public utility and desires to raise money for such purposes may issue mortgage bonds therefor beyond the general limit of bonded indebtedness prescribed by law; * * * but shall be secured
 
 only upon the property and revenues of such public utility
 
 * * V’ (Italics mine.)
 

 The very purpose of the constitutional provision is to prevent a municipality from financially over-reaching itself and from acquiring or constructing utilities which would increase its financial responsibility beyond the limit fixed for its bonded indebtedness, and which may result in liquidation by which the municipality would lose the whole property including that already owned by it. Such construction should be given the constitutional provision as will preserve its limitations in connection with its grant of privileges.
 

 In other words, the provision should be interpreted to the effect that any municipality which desires to acquire or to construct any public utility, and desires to raise money for such purpose by the issue of revenue bonds, and any municipality which desires to extend any such public utility so originally acquired or constructed with the proceeds of revenue bonds, may issue such revenue bonds for such acquisition, construction or extension beyond the general limit of bonded, indebtedness prescribed by law; but that such revenue bonds so issued beyond the general limit of bonded indebtedness prescribed by law shall not impose any liability upon such municipality, and for that reason shall not be secured by property of the municipality other than that acquired or constructed with the proceeds of revenue bonds.
 

 Unless this interpretation is given to the constitutional provision in question, a municipality which has already reached the limit of its bonded indebtedness,
 
 *617
 
 as provided by law, may, nevertheless, issue bonds and pledge the presently owned property of any or all of its public utilities to secure the payment of additions without reference to size or cost and without reference to the present bonded indebtedness of the municipality. In my judgment it cannot be maintained that such procedure does “not impose any liability upon such municipality. ’ ’
 

 Furthermore, I dissent from the holding of the majority members of the court to the effect that the provisions of the Uniform Bond Act have no application to the bond issue proposed by the city of Middletown, especially when such bonds are to be partially secured by property already owned by it.