Taft, J.
Defendant contends and plaintiff concedes that the state may not be sned without its consent and that the instant case is an action against the state. Plaintiff contends that Section 19, Article I of the Ohio Constitution, manifests the state’s assent to be sued by one whose property the state has taken without compensation. See Schmutte v. State, 147 Neb., 193, 22 N. W. (2d), 691; Rose v. State, 19 Cal. (2d), 713, 123 P. (2d), 505. Cf. Lucas v. Carney et ad., Board of County Commrs., 167 Ohio St., 416, 149 N. E. (2d), 238. Apparently, no such contention was before this court in either Raudabaugh v. State, 96 Ohio St., 513, 118 N. E., 102, or State, ex rel. Williams, v. Glander, Tax Commr., 148 Ohio St., 188, 74 N. E. (2d), 82. However, on the record before us in the instant case, we do not deem it necessary to determine whether the foregoing constitutional provision should be given the construction contended for.
In each of the first six causes of action, it is alleged that “plaintiff was given ho estate or interest in and no control or right of possession of the premises except the license or permission above mentioned.” Thus, plaintiff expressly disclaims that the agreement in any of those six causes of action gave plaintiff any estate or interest in the real estate.[1] Furthermore, neither in its briefs nor by argument did plaintiff contend that it had any such estate or interest. We will therefore assume that plaintiff did not.
Thus, when a landowner granted or the state appropriated from him the real estate or interests in real estate referred to in the petition, the state or other grantee received nothing be *262 longing to plaintiff. If the lawful use by the state or other grantee of the real estate or interests therein that had been so acquired would prevent plaintiff’s exercise of its rights under an agreement with the former owner, what possible complaint could plaintiff have against the new owner of. that real estate or of interests therein? Plaintiff never owned that real estate or any interest therein.
From the allegations of the petition, it is clear that, when a landowner disposed of his real estate to the state, plaintiff lost the rights to use that real estate provided for in its agreement with that landowner. However, if plaintiff had no estate or interest in the real estate, it is apparent that what passed to the state, i. e., the real estate, was nothing which plaintiff owned. At most, it can be said that the disposal of the real estate to the state by a landowner prevented the landowner from performing his agreement with plaintiff and perhaps thereby subjected him to some liability for breach of contract to plaintiff.
In Bird v. Great Eastern Ry. Co., 19 C. B. (N. S.), 268, 144 Eng. Rep. R., 790, the plaintiff made an agreement with the owner of the land under which the plaintiff was to have for a certain consideration “the sole right of shooting and fishing over” 3,000 acres of land “for the full space or period of three years.” During this three-year period, part of the land was sold to the defendants who constructed a railroad across it which interfered substantially with the hunting and fishing rights provided for in that contract. In support of the court’s conclusion that plaintiff therein was entitled to no relief against the defendants, it was said by Earle, C. J.:
“* * # whatever the rights as between # * * [the original landowner] and the plaintiff, the defendants are strangers to them. They have come to the party entitled to the land, and have compensated him for the land they have taken, and have so acquired a title to the land with all its incidents, amongst others, a right to the birds in the air and the fishes in the water thereon.”
Suppose that a landowner had contracted with plaintiff for construction of a house on a certain lot and then sold the lot to the state. This, in effect, would destroy the plaintiff’s right to perform its contract with the landoAvner and make a profit *263 from such performance. But, the plaintiff would have had no interest in the real estate. The state would have ‘ ‘ taken ’ ’ nothing from the plaintiff. It would have only “taken” something from the landowner. Any right of plaintiff to relief would obviously be against the landowner and not against the state.
In Omnia Commercial Co., Inc., v. United, States, 261 U. S., 502, 67 L. Ed., 773, 43 S. Ct., 437, plaintiff was the owner of a contract by which it acquired the right to purchase a large quantity of steel plate at a price under the market price. Before any deliveries had been made, the United States requisitioned the vendor’s entire production of steel plate for the year 1918 and directed the vendor not to comply with the terms of plaintiff’s contract. In its action against the United States, plaintiff alleged that the effect was to take for the public use the plaintiff’s rights under the contract. In the court’s opinion it is said:
“What was here requisitioned was the future product of the steel company, and, since this product in the absence of governmental interference would have been delivered in fulfillment of the contract, the contention seems to be that the contract was so far identified with it that the taking of the former, ipso facto, took the latter. * * # Plainly, here there was no acquisition of the obligation or the right to enforce it. * * *
“In exercising the power to requisition, the government dealt only with the steel company, which company thereupon became liable to deliver its product to the government * * *. As a result of this lawful governmental action the performance of the contract was rendered impossible. It was not appropriated but ended.
“ * * # If one makes a contract for the personal services of another or for the sale and delivery of property, the government, by drafting one of the parties into the army, or by requisitioning the subject matter, does not thereby take the contract. i* íí* ^
“In the present case the effect of the requisition was to bring the contract to an end, not to keep it alive for the use of the government.”
In an annotation at 152 A. L. R., 307, it is said:
“By the exercise of the power of eminent domain con *264 tractual rights may be frustrated in two ways: (1) The contractual rights may be directly appropriated for public use, or (2) although it is other property which is the subject of the appropriation, such appropriation may incidentally frustrate contractual rights relating to the property sought to be appropriated. * * *
“As to the first alternative, it is settled that, as a general proposition, valid contracts are property which is protected * * * against the taking by the * * * government * # *.
“As to the second alternative, the general proposition seems to be that the frustration of a contract incidental to the appropriation of other property for public use gives rise to a claim for compensation only where the contract thus frustrated is deemed to be a part of the res taken. < < # * *
“The rule seems well settled that where real property is taken for public use, a person other than the owner in fee is not entitled to compensation, or to a share in the compensation * # # ujjiegg ke hag some ‘ estate ’ or ‘ interest ’ in the property, a mere contractual right, without such ‘estate’ or ‘interest,’ not being sufficient. ”
If, in the instant case, the state had had some need for the plaintiff’s poster panels and had undertaken to use them, it could be argued with some force that the state had “taken” them. However, there are no such allegations in the petition.
There are no allegations in the seventh cause of action amounting to an express disclaimer that plaintiff was given any estate or interest in the real estate. However, there are certain other allegations with respect to the agreement there involved that make it doubtful whether that agreement can be said to have created a valuable leasehold interest in the real estate or a valuable easement therein (cf. Callen v. Columbus Edison Electric Light Co., 66 Ohio St., 166, 64 N. E., 141, 58 L. R. A.; 782) enforceable against the state as a grantee with notice thereof. Thus, it is alleged that the landowner “reserved the right to cancel * * * upon 30 days written notice in case it desired * # * to sell or dispose of” the real estate. See Petry v. City and County of Denver, 123 Colo., 509, 233 P. (2d), 867; Britt v. Cole Drug Co., 39 F. Supp., 90. There are no allega *265 tions that such written notice had been given, but the alleged notice of the state to plaintiff to remove its structures from the premises and the alleged apparently voluntary compliance of plaintiff with such notice certainly negative any taking by the state of any interest of value in the real estate that plaintiff might ever conceivably be considered as having owned. There are not even any allegations that plaintiff did not have at least 30 days to remove its structures after learning of the deed to the state and receiving the notice from the state to remove those structures. Cf. Mayor and City Council of Baltimore v. Ercolano, 170 Md., 341, 184 A., 164, 168.[2] Finally, it is not even contended that the agreement involved in the seventh cause of action gave plaintiff any estate or interest in the real estate. If it did not, then the reasons advanced for our conclusion with respect to the first six causes of action would require a similar conclusion with respect to the seventh.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Matthias and Herbert, JJ., concur.

 Even apart from that disclaimer, it is doubtful whether the contracts involved in any of the seven causes of action can be said to have given plaintiff any estate or interest in the lands to which they related. See Bird v. Great Eastern Ry. Co., 19 C. B. (N. S.), 268, 144 Eng. Rep. R., 790; Warr & Co., Ltd., v. London County Council, 1904, 1 K. B., 713 (holding that a contract giving among other rights the exclusive right for a definite period to advertise and let spaces for advertisements in a theater gave no interest in land).

 Plaintiff’s expenses in removing personal property would not be recoverable. In re Appropriation for Highway Purposes, 167 Ohio St., 463, 150 N. E. (8d), 30,