THE STATE, EX REL. DUERK, DIR., *v.* DONAHEY, TREASURER.

[Cite as State, ex rel. Duerk, v. Donahey (1981),
67 Ohio St. 2d 216.]

(No. 81-377—Decided July 15, 1981.)

*Messrs. Squire, Sanders & Dempsey, Mr. Daniel J. O'Loughlin, Mr. Joseph R. Cortese* and *Mr. Dean L. Berry,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondent.

*Per Curiam.* R. C. Chapter 166 enables the state, through the Department of Economic and Community Development, to make loans to private businesses in order to create and preserve jobs in the state and to improve the economic welfare of local areas pursuant to Section 13, Article VIII of the Ohio Constitution. It further provides that such loans may be secured by bonds issued from the Liquor Control Fund over

which respondent has custody. The Liquor Control Fund consists of moneys representing gross profits derived from the state's liquor sales.

Relator's position is that R. C. Chapter 166 is constitutional and that because all the requirements under R. C. Chapter 166 for the issuance of the bonds in question were fulfilled, respondent is under a clear legal duty to issue the bonds.

Respondent admits that R. C. Chapter 166 complies with the purpose of Section 13, Article VIII, and that relator has complied with all the requirements of R. C. Chapter 166. Respondent contends however, that the moneys in the state Liquor Control Fund designated for use under R. C. Chapter 166 constitute "moneys raised by taxation," the use of which is specifically prohibited by the following provision of Section 13, Article VIII: "***moneys raised by taxation shall not be obligated or pledged for the payment of bonds or other obligations issued or guarantees made pursuant to laws enacted by this section.***"

The only issue before this court is whether the funds designated for use under R. C. Chapter 166 are "moneys raised by taxation."

R. C. 4301.12, governing the Liquor Control Fund, provides in relevant part:

"Whenever, in the judgment of the director of budget and management, the amount in the custody of the treasurer of state to the credit of the Liquor Control Fund is in excess of that needed to meet the maturing obligations of the department and as working capital for its further operations, the director of budget and management shall certify the amount of such excess to the department and to the auditor of state. The auditor of state shall thereupon issue an order on the treasurer of state as custodian of moneys collected under Chapters 4301 and 4303 of the Revised Code, for the amount thereby determined, to the general revenue fund and a pay-in order in like amount."

Relator's arguments, which are directed toward the characterization of moneys paid into the Liquor Control Fund, are not disputed by respondent. Rather, respondent contends that all moneys required to be paid into the state treasury and used

for the general expenses of government constitute taxes, regardless of their source. Consequently, respondent argues that the "excess" described in R. C. 4301.12 constitutes a tax. To this extent, we agree with respondent. See *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188; *Himebaugh* v. *Canton* (1945), 145 Ohio St. 237.

However, respondent further contends that R. C. Chapter 166 authorizes the use of the "excess" described in R. C. 4301.12.

R. C. 166.06 provides that the loans at issue be secured from moneys in the Liquor Control Fund, "* * * as included in the definition of 'pledged receipts' in division (A)(6) of section 166.08 of the Revised Code.* * *"

"Pledged receipts," in R. C. 166.08(A)(6), are defined as the gross profits from the state's liquor sales deposited in the Liquor Control Fund, after payment of the costs and expenses of the department, and excluding the amount payable to the state treasury under R. C. 4301.12 as the gallonage tax. R. C. 166.08(A)(6) does not specifically exclude the amounts paid into the state treasury as "excess."

In order to accept respondent's position, R. C. 4301.12 must be construed to require that the moneys in the Liquor Control Fund are payable to the state treasury regardless of the power of the Director of Budget and Management to determine "excess," and before such determination is made. That construction is not supported by the provisions of R. C. 4301.12, and we find that R. C. Chapter 166 contemplates the use of moneys in the Liquor Control Fund prior to a determination of "excess" under R. C. 4301.12.

Under R. C. 4301.12, there is no amount payable as "excess" to the state treasury before the Director of Budget and Management exercises his power to determine that an "excess" exists. Further, it is not mandatory that such determination be made under the statute. Rather, the statute provides that the amount, if any, payable to the state treasury as "excess" rests "in the judgment of the director of budget and management." In exercising that judgment, the Director of Budget and Management must first determine the amount "needed to meet the maturing obligations of the department and as working capital for its further operations."

R. C. 4301.12 does not define what "obligations" are to be considered by the director in determining "excess." However, it would appear that bonds authorized under R. C. Chapter 166 are obligations to be deducted before determining the "excess" payable to the state treasury under R. C. 4301.12.

While both parties attempt to rely on the case of *State, ex rel. Williams,* v. *Glander, supra,* it supports the position of relator. In that case, wherein the Tax Commissioner attempted to levy a personal property tax against the state Department of Liquor Control, this court found that the General Assembly properly taxed the Department of Liquor Control through the gallonage tax and the amount of excess profits paid into the state treasury. We held that while the General Assembly must fulfill the requirement imposed by Section 4, Article XII, of the Ohio Constitution to raise revenues sufficient to defray state expenses, the manner in which it does so is left entirely to the General Assembly. See *State, ex rel. Williams, supra,* paragraphs seven and eleven of the syllabus.

Applying that rule herein, if the General Assembly, under R. C. 4301.12, permits the Director of Budget and Management to determine the amount of tax payable by the Department of Liquor Control after deductions for obligations of the department (including those arising under R. C. Chapter 166), it has complete authority to do so.

This court has held: "The question of the constitutionality of every law being first determined by the General Assembly, every presumption is in favor of its constitutionality, and it must clearly appear that the law is in direct conflict with inhibitions of the Constitution before a court will declare it unconstitutional. (*State Board of Health* v. *Greenville,* 86 Ohio St. 1, followed.)" *Ohio Public Interest Action Group* v. *Pub. Util. Comm.* (1975), 43 Ohio St. 2d 175, paragraph four of the syllabus.

We find that respondent has failed to meet this burden and hold that R. C. Chapter 166 complies with Section 13, Article VIII, of the Ohio Constitution. Respondent, admitting that relator has complied with all the requirements of R. C. Chapter 166, is therefore under a clear legal duty to issue the bonds as requested.

220

The writ prayed for is hereby allowed.

*Writ allowed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.