[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 225.]

THE STATE EX REL. TAFT, SECY. OF STATE, *v*. FRANKLIN COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as *State ex rel. Taft v. Franklin Cty. Court of Common Pleas*, 1998-Ohio-332.]

*Mandamus and prohibition—Elections—Trial court prohibited from proceeding— Supreme Court reasserts continuing jurisdiction over DeRolph v. State to resolve any election-related challenge to May 5, 1998 election—Parties to brief issue whether Am.Sub.H.B. No. 697, which provides for the levy of new taxes only if approved by the electors on May 5, 1998, violates Section 26, Article II of the Ohio Constitution, or is otherwise unconstitutional.*

(98-364—Submitted March 3, 1998—Decided March 12, 1998.)

IN MANDAMUS and PROHIBITION.

ON REQUEST FOR EXPEDITED REVIEW, MOTIONS TO INTERVENE, and MOTION TO DISMISS.

———————————

{¶ 1} This cause originated in this court on the filing of a complaint for writs of prohibition and mandamus. Upon consideration of relator's request for expedited review; motions to intervene by David P. Zanotti and Dale R. DeRolph et al.; and motion to dismiss by intervenor, David P. Zanotti,

{¶ 2} IT IS ORDERED by the court that the request for expedited review and the motions for leave to intervene be, and hereby are, granted.

{¶ 3} IT IS FURTHER ORDERED by the court that the motion to dismiss be, and hereby is, denied.

{¶ 4} IT IS FURTHER ORDERED by the court that respondents shall not proceed further in the case entitled, *Zanotti v. Taft*, case No. 98CVH02-1355.

**{¶ 5}** IT IS FURTHER ORDERED by the court that we reassert our continuing jurisdiction over *DeRolph v. State* and resolve any election-related challenge to the May 5, 1998 election that may affect our decision in *DeRolph v. State*.

**{¶ 6}** IT IS FURTHER ORDERED by the court that a writ of mandamus directing the respondents to transfer the case entitled *Zanotti v. Taft*, case No. 98CVH02-1355 to this court be, and hereby is, granted, and that the case be transferred to this court no later than March 17, 1998.

**{¶ 7}** IT IS FURTHER ORDERED by the court that the following briefing schedule is set for presentation of evidence and filing of briefs pursuant to S.Ct.Prac.R. X:

**{¶ 8}** The parties shall file any evidence they intend to present on or before March 17, 1998; relator shall file his brief on or before March 17, 1998; and respondents shall file their brief(s) on or before March 20, 1998. No reply brief and no extensions of time shall be permitted. The parties shall brief only the following issue: Whether Am.Sub.H.B. No. 697, signed by the Governor on February 17, 1998, which provides for the levy of new taxes only if approved by the electors on May 5, 1998, violates Section 26, Article II of the Ohio Constitution or is otherwise unconstitutional.

**{¶ 9}** IT IS FURTHER ORDERED by the court, *sua sponte*, that oral argument be, and hereby is, denied.

MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., concur in the entry issued by the court.

RESNICK, J., concurs in the entry as stated in her concurring and dissenting opinion.

DOUGLAS, J., dissents.

COOK and LUNDBERG STRATTON, JJ., separately dissent.

————————————

**MOYER, C.J., concurring.**

{¶ 10} This case is related to a unique case in which a unique remedy was ordered. In *DeRolph v. State* (1997), 78 Ohio St.3d 193, 677 N.E.2d 733 ("*DeRolph I*"), the majority found the existing system of funding Ohio schools to be unconstitutional, ordered the state to establish and implement a new school funding system, and remanded the cause to the trial court with directions to take such action as might be necessary to ensure conformity with the majority opinion. The majority noted that the trial court was, however, authorized to "petition this court for guidance, if the need arises." *Id*. at 213, 677 N.E.2d at 747, fn. 10.

{¶ 11} Shortly after we rendered our decision in *DeRolph I*, we were asked to reconsider our remand of the cause to the trial court. More specifically, we were asked to entertain this question: "Should this court retain *exclusive jurisdiction* of the case to review all remedial legislation enacted in response to the court's decision." (Emphasis added.) *DeRolph v. State* (1997), 78 Ohio St.3d 419, 420, 678 N.E.2d 886, 887 (*DeRolph II*).

{¶ 12} The majority answered this question in the negative, stating that remand to the trial court would provide a proper *venue* for the presentation of evidence concerning the final enacted remedy. The majority further mandated that any appeal from a trial court decision would proceed directly to this court rather than by way of intermediate review by the court of appeals, as cases generally proceed in the regular course of appellate review.

{¶ 13} Close analysis of the two *DeRolph* opinions thus supports the conclusion that this court did not totally relinquish its own jurisdiction of the cause. Rather, we established an uncommon jurisdictional partnership in which the trial court that originally heard *DeRolph* would act in accordance with a trial court's traditional role, *i.e*., as a forum for presentation of evidence, after which conclusions of law are drawn. We, however, would be available to provide guidance as needed on legal, rather than factual, issues. Clearly the import of

*DeRolph I* and *II*, read together, is that this court recognized itself to be the ultimate arbiter of constitutional challenges that might subsequently arise. Thus, under *DeRolph I* and *II*, jurisdiction was at least partially retained in this court.

{¶ 14} The state argues that application of the concurrent-jurisdiction rule supports issuance of a writ of prohibition in this cause to preclude the Franklin County Court of Common Pleas from proceeding in the case styled *Zanotti v. Taft*, No. 98CVH02-1355, which was filed on February 19, 1998, and a writ of mandamus to order consolidation of that case with *DeRolph*.

{¶ 15} I do not question that the Franklin County court ordinarily would have jurisdiction to hear and determine the claims presented in the *Zanotti* case. However, the jurisdictional priority rule establishes that "[w]hen a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its proceedings." *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730, paragraph three of the syllabus. Moreover, "[a]s between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *Id.,* paragraph two of the syllabus. Where the jurisdictional priority rule is applied a writ of mandamus ordering transfer of the second case to the court that has priority is appropriately granted.

{¶ 16} It is generally true that the jurisdictional priority rule is not applied if the second case does not involve the same parties or the same cause of action. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549, 552. However, we have also recognized that the requirement of the same issue and the same parties is not absolute. See *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 647 N.E.2d 807.

{¶ 17} In the cause underlying this action for prohibition and mandamus, the relator, David P. Zanotti, claims standing to bring suit based on his status as a citizen and taxpayer whose interests are not readily distinguishable from those of any other Ohio citizen and taxpayer. It is clear that his challenge is intertwined with our decisions in *DeRolph* and the response of the General Assembly to our decision. I believe that it can be legitimately argued that, in fact, the Zanotti claim does involve the same issue as in *DeRolph*, or alternatively, that this case constitutes the rare case in which an exception to the requirement of the same issue and the same parties should be recognized.

{¶ 18} Moreover, the state makes a convincing argument that time is of the essence in this cause, and that no adequate legal remedy exists other than prompt resolution by this court of the issues raised. The General Assembly has enacted Am.Sub.H.B. No. 697 in direct response to our directive in *DeRolph*. The legislation enacts taxes "subject to the approval of the people of the State of Ohio" by majority vote on May 5, 1998, a date that is less than two months from the date of our decision today. Relator contends that presentation of this issue on the May 5 ballot requires that ballots be printed, public notices posted, and proposed ballot language published. As the state cogently argues, "if litigation-related uncertainty lingers for weeks over the election's validity, the opportunity to have a meaningful vote over this proposal may well be lost."

{¶ 19} Writing separately in *DeRolph II*, I expressed my opinions that "the most expeditious means of removing the uncertainty regarding the constitutionality of the new plan is for this court to issue an order retaining jurisdiction in this court," and that this court has a duty "in this extraordinary case, to provide a procedure by which this court can, as expeditiously as possible, determine whether the parties have complied with the order of March 24, 1997." 78 Ohio St.3d at 422, 423, 678 N.E.2d at 888-889. I concur in the entry in this case because it is consistent with the views expressed in my separate opinion in *DeRolph II*, is consistent with the

spirit underlying the majority opinions in *DeRolph I* and *II*, and is consistent with the best interests of the people of the state of Ohio.

———————————

**ALICE ROBIE RESNICK, J., concurring in part and dissenting in part.**

{¶ 20} The dispute at the heart of *Zanotti v. Taft*, case No. 98CVH02-1355 (the constitutionality of Am.Sub.H.B. No. 697), although ultimately a byproduct of our decision in *DeRolph v. State* (1997), 78 Ohio St.3d 193, 677 N.E.2d 733, is not so intimately tied to *DeRolph* that it must of necessity be swept into *DeRolph*'s ambit, at least in the form suggested by relator Taft's request for relief in the complaint filed in this court. By approving the wording of the entry today, the majority essentially accepts relator's view that this dispute belongs within the scope of the jurisdiction we reserved in *DeRolph*. The dispute, at best, is a distant cousin of *DeRolph*, and definitely is not the inevitable offspring of that case.

{¶ 21} When confronted with the apparent choices presented by the scenario now before the court—either to deny relator the relief sought in this action, or to afford it on relator's terms, I reluctantly join with the majority in the substance of the entry, which is to entertain Zanotti's challenge to the constitutionality of Am.Sub.H.B. No. 697 in this court. The entry should explicitly grant the peremptory writ of prohibition. The unique considerations underlying this case—and the consequences that would follow from the length of time it would take for a trial court decision followed by appeals from that decision—are the apparent justifications for such a decision.

———————————

**DOUGLAS, J., dissenting.**

{¶ 22} While I agree that *Zanotti v. Taft*, case No. 98CVH02-1355, should be brought before this court forthwith for a final determination as to the constitutionality of Am.Sub.H.B. No. 697 as measured against Section 26, Article

II, Ohio Constitution, I cannot approve the convoluted way in which transfer to this court is being justified.  Accordingly, I respectfully dissent from the entry.

I

Prohibition

{¶ 23} The majority does not grant a writ of prohibition despite saying that "[i]t is further ordered by the court that respondents shall not proceed further in the case entitled, *Zanotti v. Taft*, case No. 98CVH02-1355."  If this is not prohibition, then what is it?

{¶ 24} To obtain a writ of prohibition, a relator must show (1) that the court against whom the writ is sought is exercising or about to exercise judicial power, (2) that the exercise of power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.

{¶ 25} Herein, there is no question that the first prong is satisfied. Respondent, the Honorable Judge Sheward, has set a briefing schedule and a hearing date.  With regard to the third prong, it is absolutely imperative that a final answer to the question presented be timely given because of the extensive steps necessary to present a ballot issue to the electors of Ohio.  Any delay through the trial court proceedings and a direct appeal will frustrate the effort and cause relator and the state of Ohio injury that cannot be corrected.  Thus, there is no other adequate remedy, and prong three is satisfied.

{¶ 26} That leaves us with prong two, the most difficult, frankly, of the conditions to meet.  Is the proposed exercise of power by the respondent unauthorized by law?  I am led to conclude that the answer to the question is "Yes." My reason for so concluding is not because of anything Judge Sheward has done, because he was only following proper procedure when his jurisdiction was invoked, but because of the nature of the matter involved.

{¶ 27} Unquestionably, the *Zanotti* case and *DeRolph v. State* (1997), 78 Ohio St.3d 193, 677 N.E.2d 733, are different cases. The parties are different, the subject matters are different, and even the courts where each now reposes are different. Therefore, the cases cannot and should not be combined. Just as unquestionable, however, is that the cases are inextricably intertwined, and to allow any other orders (no matter how sound and well intentioned) of any court, excepting this court and the Court of Common Pleas of Perry County, to intervene in the process that has been established to date would be usurping, although inadvertently, the prior orders of this and/or the Perry County court.

{¶ 28} Therefore, I must dissent from the entry because a peremptory writ of prohibition is not allowed prohibiting respondent from proceeding. I will further support this court's jurisdiction below, but, in passing, I also cite Section 2(B)(1(f), Article IV of the Ohio Constitution. If ever there was a matter needing a "complete determination," this certainly is one.

II

Mandamus

{¶ 29} The majority's entry orders that "a writ of mandamus directing the respondents to transfer the case entitled, *Zanotti v. Taft*, case No. 98CVH02-1355 to this court be, and hereby is, granted." The majority's entry then says that "[t]he parties shall brief only the following issue: Whether Am.Sub.H.B. No. 697, signed by the Governor on February 17, 1998, which provides for the levy of new taxes only if approved by the electors on May 5, 1998, violates Section 26, Article II of the Ohio Constitution or is otherwise unconstitutional." I agree with this part of the proposed procedure, but the majority does not stop there. The majority also says that "[i]t is further ordered by the court that we reassert our continuing jurisdiction over *DeRolph v. State* * * *." This is clearly what we should *not* do. Such an action is neither advisable nor necessary to resolve the constitutional issue presented to us by the case now before us, case No. 98-364. In effect, the majority

8

attempts to consolidate two cases, each with different numbers, different parties, and different issues. That procedure is foreign to any procedure I know about. Further, when any order is issued in case No. 98-364, will it also include the *DeRolph* case number? If so, then that would not be accurate. If not, then *DeRolph* does not need to be brought back before the court to resolve *Zanotti*.

**{¶ 30}** As to our issuing a peremptory writ of mandamus, there is clear authority for that action. R.C. 2731.06 provides that "[w]hen the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it, a court, in the first instance, may allow a peremptory mandamus."

**{¶ 31}** Finally, with regard to mandamus, the relator asks the we "issue a writ of mandamus directing the Respondents to consolidate the case entitled *David P. Zanotti vs. Bob Taft*, Case No. 98CVH02-1355, now pending in the Court of Common Pleas of Franklin County with the case entitled *DeRolph v. State of Ohio*, Case No. 22043, now pending on remand from this Court before the Court of Common Pleas of Perry County." Obviously, if we granted what relator requests, a brand new case with different parties and different issues would suddenly be before the already beleaguered judge of the Perry County Common Pleas Court. By doing so, we would exacerbate the time problem, not alleviate it.

**{¶ 32}** Accordingly, we should grant a peremptory writ of mandamus, and, coupled with a peremptory writ of prohibition, the case would then be properly before us, the result, I assume, the majority seeks and with which I am in full agreement. We should not, however, bring *DeRolph* back to decide this case.

III

Supreme Court Jurisdiction

**{¶ 33}** If the foregoing procedure were followed, the case would then be properly before us, and, then, included in the entry could be the provision for the parties to brief only the merit issue of whether Am.Sub.H.B. No. 697 violates

Section 26, Article II of the Ohio Constitution. A timetable setting forth the briefing and presentation of evidence schedule could also be included.

**{¶ 34}** While briefing on the jurisdictional question would not be permitted, nevertheless a legitimate question as to this court's jurisdiction, in what amounts to an original action seeking a declaration of constitutionality, arises. At another time and in another place, I will more fully develop the argument in favor of jurisdiction, but it will suffice for now to list the following citations and to commend them to any interested party or reader:

(1)     Section 2(B)(1)(f), Article IV, Ohio Constitution, compared with Section 2(B)(2), Article IV, Ohio Constitution.

(2)     *State ex rel. AFL-CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582.

(3)     *State ex rel. Petroleum Underground Storage Tank Release Comp. Bd. v. Withrow* (1991), 62 Ohio St.3d 111, 579 N.E.2d 705.

(4)     *State ex rel. Shkurti v. Withrow* (1987), 32 Ohio St.3d 424, 513 N.E.2d 1332.

(5)     *State ex rel. Duerk v. Donahey* (1981), 67 Ohio St.2d 216, 21 O.O.3d 135, 423 N.E.2d 429.

(6)     *State ex rel. Allen v. Ferguson* (1951), 155 Ohio St. 26, 44 O.O. 63, 97 N.E.2d 660.

(7)     *State ex rel. State Bridge Comm. of Ohio v. Griffith* (1940), 136 Ohio St. 334, 16 O.O. 467, 25 N.E.2d 847.

(8)     *State ex rel. Pub. Institutional Bldg. Auth. v. Griffith* (1939), 135 Ohio St. 604, 14 O.O. 533, 22 N.E.2d 200.

IV

Conclusion

**{¶ 35}** Accordingly, I am compelled to dissent from the judgment of the majority. If the proper procedures were followed to bring this case before us

(peremptory writs in prohibition and mandamus), and without disturbing *DeRolph*, then I would gladly join the majority in deciding this critical issue. In that regard, I understand the desire, by some members of the court, for briefing on the question, but, for me, Section 26, Article II of the Ohio Constitution is clear. Since the section is not ambiguous, it does not need interpreting. It needs to be applied. However, unless the majority employs the proper procedure, I must dissent.

———————————

**COOK, J., dissenting.**

{¶ 36} In my dissenting opinion in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1998), 81 Ohio St.3d 1226, 1226-1230, 689 N.E.2d 971, 971-973, I discussed why this court does not have original jurisdiction in either mandamus or prohibition to entertain a challenge wherein the relators, in effect, seek a declaratory judgment that Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, is unconstitutional and to enjoin its future application. That position is equally applicable in this case, where the court apparently goes one step further by taking exclusive jurisdiction over a complaint for declaratory judgment and injunction challenging the constitutionality of Am.Sub.H.B. No. 697 and converting it into an original action before this court. That infirmity, standing alone, is enough to warrant dismissal of relator's petition. I focus my dissent in this case, however, on yet another unconstitutional exercise attendant to today's ruling.

{¶ 37} I respectfully direct attention to Section 18, Article IV of the Ohio Constitution, which states: "*The several judges of the supreme court*, of the common pleas, and of such other courts as may be created, *shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law*." (Emphasis added.) In light of this constitutional limitation, today's order cannot be justified by this court's earlier grant to Judge Lewis in *DeRolph v. State* (1997), 78 Ohio St.3d 193, 213, 677 N.E.2d 733, 747, fn. 10 ("*DeRolph I*") of "plenary jurisdiction" to enforce this court's decision, or its later

explanation of the trial court's role in this court's retention of continuing jurisdiction in *DeRolph v. State* (1997), 78 Ohio St.3d 419, 678 N.E.2d 886 ("*DeRolph II*").

{¶ 38} In addition to our original and appellate jurisdiction and general authority to decide cases, Section 5, Article IV of the Ohio Constitution grants the Supreme Court only the power to supervise inferior courts and to promulgate rules related to practice and procedure.[1] Accordingly, this court has no authority to abridge the constitutionally prescribed jurisdiction of inferior courts as part of an extraordinary remedy.

{¶ 39} There is no question that the Franklin County Court of Common Pleas has jurisdiction over this action. Section 4(B), Article IV of the Constitution provides courts of common pleas with original jurisdiction over all justiciable matters as may be provided by law, and R.C. 2721.02 provides common pleas courts with jurisdiction to entertain declaratory judgment actions. Accordingly, in supporting today's order, the court necessarily relies on its earlier grant of "plenary jurisdiction" to Judge Lewis in *DeRolph I* or its retention of continuing jurisdiction as explained in *DeRolph II*. Based on these rulings, the court determines that Judge Sheward's proposed exercise of judicial power is unauthorized by law (prohibition) and that Judge Sheward has a clear legal duty to cede jurisdiction of the matter to this court (mandamus). As previously discussed, however, this court is without authority to vest exclusive jurisdiction in one court over another, or in any way limit the constitutionally prescribed jurisdiction of inferior courts on an *ad hoc* basis.

{¶ 40} I cannot agree with Justice Douglas's assertion that Section 2(B)(1)(f), Article IV of the Ohio Constitution empowers this court to vest exclusive jurisdiction in itself, and to issue a declaratory judgment and possibly an

---

1. Sections 5(A)(3) and 5(C), Article IV of the Ohio Constitution also charge the Chief Justice with passing on the disqualification of judges and assigning judges to other courts on a temporary basis as the need arises.

injunction on this issue, as somehow "necessary to [a] complete determination" of *DeRolph I*. Such boundless discretion to displace the constitutional scheme is not supported by the constitutional language, narrowly limiting Section 2(B)(1)(f), Article IV jurisdiction to instances of necessity. At best, Justice Douglas demonstrates that today's action is based on convenience and personal notions of efficiency, not that this court's intervention in a matter that the trial court is well equipped to handle is in any way necessary. Moreover, even if Section 2(B)(1)(f) could be read to confer *original* jurisdiction upon this court in this matter, the Constitution does not provide that such jurisdiction is *exclusive*. This omission is meaningful in light of the fact that our Constitution expressly confers exclusive jurisdiction to the Supreme Court in several of its sections. See, *e.g.*, Section 22, Article III, Constitution; Section 13, Article XI, Constitution; Section 1, Article XVI, Constitution.

{¶ 41} Finally, because this case is merely tangential to the proceedings in *DeRolph* and does not involve the same parties or share a commonality of issues, it cannot be considered to fall within this court's continuing jurisdiction as retained in *DeRolph I* and explained in *DeRolph II*. Accordingly, the jurisdictional priority rule should not apply. *State ex rel. Judson v. Spahr* (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911, 913.

{¶ 42} For all of the reasons previously stated, I would dismiss the relator's petition.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

————————————