AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, A.F.L.-C.I.O.,
OHIO COUNCIL 8, ET AL., APPELLANTS, v.
BLUE CROSS OF CENTRAL OHIO ET AL., APPELLEES.

(No. 78AP-723—Decided May 1, 1979.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey,
Mr. John J. Duffey and Mr. John W. Zeiger,* for appellants.
*Messrs. George, Greek, King, McMahon & McConnaughey*
and *Mr. Kiehner Johnson,* for appellees Blue Cross of Central
Ohio *et al.*
*Mr. William J. Brown,* attorney general, and *Mr. James
R. Rishel,* for appellees State Employee Compensation Board
*et al.*

MOYER, J. This case is before us on plaintiffs-appellants'
appeal from two orders of a final judgment of the Court of
Claims, dismissing defendants-appellees, Blue Cross of Cen-
tral Ohio, Blue Cross of Northeast Ohio, Hospital Care Cor-

poration, Blue Cross of Northwest Ohio, Ohio Medical Indemnity, Inc., and Medical Mutual of Cleveland, Inc., and dismissing plaintiffs' complaint for lack of jurisdiction.

On August 15, 1978, plaintiffs filed a class action complaint in the Court of Claims, alleging that the state of Ohio, through the State Employee Compensation Board, entered into a series of contracts with defendant insurance companies to provide medical insurance for state employees. The contracts are not a part of the record. The complaint further alleged that said policies provide that the state of Ohio would pay seventy percent of the premium from state funds, that thirty percent of the premiums would be paid by the individual employees who entered an agreement for insurance coverage, and that the plans require defendant insurance companies to refund any excess premiums paid over the sum of incurred claims plus a retention charge. It is alleged that premiums are paid on the basis of estimated amounts, with final refund to be made after the expiration of the policies and a determination of all outstanding liability. The complaint further alleges that over five million dollars has been refunded, that the individual plaintiffs and members of the class are state employees who accepted the offer of the state that they be provided insurance coverage for payment of thirty percent of the total premium cost, that they have contributed thirty percent of such cost and that they are, therefore, entitled to a portion of the excess premium refunds already received by the state and to a portion of additional refunds due the state. It is alleged that plaintiffs are third-party beneficiaries of the insurance contract and that each plaintiff is entitled to distribution of his individual share in such refunds.

The prayer of the complaint seeks declaratory judgment as to plaintiffs' rights in the refunds already made and to additional refunds, relief by injunction and mandamus against state officers in their official capacity to prevent the distribution of refund monies prior to conclusion of the suit, and to require proper deposit of the funds and safekeeping. The prayer of the complaint does not expressly request a money judgment.

Plaintiffs assert two assignments of error, as follows:

"I. The Court of Claims erred in dismissing the Complaint, where the facts pleaded show a primary claim directly

against the State of Ohio, arising out of a breach of contract, and a claim for recovery of funds held in trust, or both.

"II. The Court of Claims erred in dismissing the Complaint without granting plaintiffs-appellants leave to amend to specifically plead a claim for money, and a prayer for money judgment, and to cure any other technical defects."

In rendering its final judgment, the court made the following conclusions:

"The Court further concludes that the primary relief sought is a declaration of rights in conjunction with mandamus and injunctive relief all of which is primary and not secondary to the monetary relief.

"The Court further concludes this Court has no jurisdiction in mandamus and only ancilliary [*sic*] equitable relief jurisdiction incidental to money judgments.

"The Court further concludes declaratory judgment relief is not an alternate jurisdiction vested in the Court of Claims. It is not against the State but an officer which jurisdiction in the general common pleas jurisdiction long antedated the establishment of the Court of Claims."

While the jurisdiction of the Court of Claims has been the issue in several cases since its establishment in 1975, the case before us presents an opportunity to further clarify the breadth of its jurisdiction. By the adoption of R. C. Chapter 2743, the General Assembly waived the state's immunity from liability in exchange for a complainant's waiver of his cause of action against state officers or employees. It also provided that claims against the state would be determined in the Court of Claims, in accordance with the same rules of law applicable to suits between private parties subject to certain limitations. See R. C. 2743.02. One of the most important provisions of R. C. 2743.02 is the following:

"***To the extent that the state has previously consented to be sued, this chapter has no applicability." R. C. 2743.02(A).

The jurisdiction of the Court of Claims is provided in R. C. 2743.03(A):

"(A) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of

all parties in civil actions that are removed to the court of claims and of determinations pursuant to sections 5315.04 and 5315.05 of the Revised Code, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. *The court shall have full equity powers in all actions within its jurisdiction* and may entertain and determine all counterclaims, cross-claims, and third-party claims." (Emphasis added.)

Because the direction of the General Assembly is clear in giving the Court of Claims full equity powers, we have only to determine whether a declaratory judgment action would be a proper remedy in accordance with the same rules of law applicable to this suit were it brought in another trial court of this state, and whether this case is against the state or against officers or employees of the state.

R. C. 2721.02 provides, in part, as follows:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *"

R. C. 2721.04 provides:

"A contract may be construed by a declaratory judgment either before or after there has been a breach thereof."

Civ. R. 18 provides for the joinder of claims and remedies in one action. The declaratory procedure does not extend the jurisdiction of a court over subject matter, but, rather, extends the power of the court to grant and declare relief within its respective jurisdiction. See *State, ex rel. Foreman,* v. *Bellefontaine Municipal Court* (1967), 12 Ohio St. 2d 26. The equitable powers of courts of record were given to the Court of Claims and can be exercised if the Court of Claims otherwise has jurisdiction over a case.

Defendants argue that plaintiffs' complaint is an action against officers of the state rather than the state of Ohio. The cases cited by defendants are all cases in which employees or officers of the state, not the state of Ohio, were the parties. They are cases involving actions to enjoin an employee or officer of the state from performing some act or to require him to perform an act. The fact that the state consented to permit its officers and employees to be sued in the Court of Common Pleas in those cases does not mean the state consented to itself be sued in those cases. Therefore, they are not authority for

barring this action if we determine it is an action against the state of Ohio. The case of *American Life & Accident Ins. Co. of Kentucky* v. *Jones* (1949), 152 Ohio St. 287, 298-299, cited by both plaintiffs and defendants, was, as the Supreme Court expressly stated, not an action against the state of Ohio. On that point, it is distinguishable from this case because the payments that were the issue in that case were not made pursuant to an alleged contract between the state of Ohio and the insurance company. The court also held that a declaratory judgment was proper in that case as an alternative to the other remedies sought because a real controversy between adverse parties existed, which was justiciable in character, and that speedy relief was necessary to preserve the rights which may otherwise be impaired or lost. *Id.,* at page 296.

It is well settled that an action against the state for breach of contract is within the jurisdiction of the Court of Claims. See *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83, 96. In the *Shoemaker* case, at page 96, this court stated:

"A direct action on a contract with the state, seeking monetary relief from the state, must be commenced and prosecuted in the Court of Claims and cannot be brought in the Court of Common Pleas.***"

The complaint filed by plaintiffs alleges that they are entitled to certain funds now held by the state and funds due the state, as beneficiaries of contracts between the state of Ohio and the defendant insurance companies. Any relief to which they may be entitled flows from said contracts. This is not an action against the officers of the state or against the members of the employee compensation board. It is an action against the state of Ohio, and it therefore could not have been brought prior to the adoption of R. C. Chapter 2743. While the request for an injunction and mandamus gives the case the appearance of an action against state officials rather than the state, and although defendants urge that the lack of a prayer for monetary damages deprives the Court of Claims of jurisdiction, we follow the well-established rule of looking to the subject matter of the complaint to determine the factual basis for the relief sought.

As the Supreme Court stated in the case of *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128, 130, "***an action in declaratory judgment is clearly a superior remedy for plain-

tiffs." There is a real controversy between the parties which is justiciable in character, and the complaint states facts from which it can be concluded that speedy relief is necessary to preserve rights which may be impaired or lost. Indeed, it is difficult to imagine a case in which declaratory judgment is more appropriate. The determination of plaintiffs' right to any refunds should be made before the extraordinary expenditure of time and other resources that would be necessary to determine the state's liability to each member of plaintiffs' class. To require plaintiffs to set forth the calculated amount due every current and former employee of the state of Ohio who received medical benefits incident to their employment before determining that the state owes them anything would seem to subvert one of the purposes for which the Declaratory Judgment Act was adopted. The Court of Claims does have jurisdiction to render a declaratory judgment in this case and to provide the other equitable remedies that are sought in the complaint if appropriate. The first assignment of error is well taken and is therefore sustained.

With respect to the second assignment of error, R. C. 2721.09 provides that further relief, through the filing of a petition based upon a declaratory judgment, may be given "whenever necessary or proper." Plaintiffs' failure to expressly pray for monetary damages is not a defect in their complaint for which the complaint should be dismissed. The trial court should have either given plaintiffs leave to amend their complaint, or reserved its ruling on that branch of defendants' motion to dismiss, until after it had determined plaintiffs' and defendants' rights under the alleged contracts. Plaintiffs' second assignment of error is well taken and is sustained.

With respect to the dismissal of the defendant insurance companies, plaintiffs have not assigned as error said dismissal, and we therefore make no determination of that issue.

Our decision herein is consistent with *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90, 92, wherein the Supreme Court, in referring to R. C. Chapter 2743, stated:

"* * *That Act is a remedial law, and R. C. 1.11 requires that such laws 'and all proceedings under them* * *be liberally construed in order to promote their object and assist the parties in obtaining justice.' "

The "object" of the General Assembly is clearly stated in R. C. Chapter 2743. It was to give the Court of Claims exclusive, original jurisdiction of all civil actions against the state, including full equity powers, except in those actions that could have been brought against the state prior to the adoption of R. C. Chapter 2743. The definition of the jurisdiction of the Court of Claims is clear and unequivocal. It should be applied to each case by the Court of Claims in the spirit of the Supreme Court's direction in *State, ex rel. Moritz, v. Troop, supra.*

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision and with law.

*Judgment reversed and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.