PLASTIC SURGERY ASSOCIATES, INC.,
APPELLANT, *v.* RATCHFORD ET AL.,
APPELLEES.

(No. 82AP-132—Decided
September 2, 1982.)

Messrs. *Horn & Horn* and *Mr. Roy H. Horn,* for appellant Plastic Surgery Associates, Inc.

Mr. *William J. Brown,* attorney general, *Mr. Tom Hess, Mr. Michael H. Igoe, Mr. Steven L. Petty, Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. J. Roth Crabbe, Mr. William T. McCracken,* Messrs. *Baker & Hostetler, Mr. David Johnston* and *Mr. Kevin Shoemaker,* for defendants-appellees Robert L. Ratchford, Jr., et al.

Messrs. *Smith & Schnacke, Mr. James J. Gilvary, Jablinski, Folino & Roberts Co., L.P.A., Mr. Robert E. Schultz, Messrs. Cole, Acton, Harmon & Dunn* and *Mr. Samuel J. Petroff,* for third-party defendants-appellees Michael H. Burtan et al.

WHITESIDE, P.J. Plaintiff appeals from a judgment of the Court of Claims and raises seven assignments of error, as follows:

"1. The Court of Claims erred, to appellant's prejudice, in ruling that this is 'solely' an action for declaratory judgment and in dismissing the Complaint, where the facts pleaded show a primary claim for monetary relief directly against the State of Ohio, arising out of a breach of and failure to comply with a statutory obligation, Section 3929.74(G) O.R.C., and a claim for conversion and recovery of funds held in trust, or both.

"2. The Court of Claims erred, to appellant's prejudice, in *sua sponte* dismissing the proceedings without granting plaintiff-appellant leave to amend to specifically plead a claim for money and a prayer for money judgment, and to cure any other technical defects.

"3. The Court of Claims erred, to appellant's prejudice, in *sua sponte* dismissing the proceedings on the ground that each of the defendants named by plaintiff are not departments, boards, offices, commissions, agencies, institutions or other instrumentalities of the State of Ohio, but are, conversely, individual non-state parties, and that the court lacks personal or subject matter jurisdiction over any of them.

"4. The Court of Claims erred, to appellant's prejudice, in *sua sponte* dismissing the proceedings on the grounds that appeal rights of appellant are vested in accordance with Section

3929.78 O.R.C. by reason of which the court lacks jurisdiction.

"5. The Court of Claims erred, to appellant's prejudice, in not holding that the complaint and tendered amended complaint set out claims for monetary relief against the State of Ohio for the arbitrary, wrongful and reckless taking of plaintiff's property in direct violation of a statutory obligation and without due process and converting same, in deprivation of plaintiff's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 16 and 19 of the Ohio Constitution.

"6. Judgment of the Court of Claims entered January 19, 1982, is contrary to law.

"7. For such other error apparent on the face of the record."

Plaintiff brought this action as a class action expressly seeking injunctive and declaratory relief. The Court of Claims made no determination as to the propriety of maintaining this action as a class action, and no issue in that regard is before us. However, the Court of Claims, acting pursuant to defenses asserted in answers of defendants, *sua sponte* dismissed plaintiff's action for failure to state a claim for relief against the state for the reasons that: (1) "each of the defendants named by plaintiff are not department's [*sic*] boards, offices [*sic*] commissions, agencies, institutions or other instrumentalities of the State of Ohio, but are conversely, individual non-state parties"; (2) "appeal rights of plaintiff to any action taken in the premises by any of said defendants are vested in accordance with Section 3929.78 O.R.C."; and (3) "this is not an action for money damages against the State of Ohio, but is solely an action for declaratory judgment."

The third assignment of error relates to the trial court's first reason for dismissal. This conclusion of the trial court is patently erroneous since it is quite clear that the Superintendent of In-

surance, one of the three named defendants, is an officer of the state of Ohio. In fact, no non-state parties were named. The Joint Underwriting Association, created by R.C. 3929.72 and governed by a board created by R.C. 3929.77, is created by statute to perform a specific governmental purpose. If strictly private in nature as indicated by the Court of Claims, the statute would be unconstitutional as special legislation conferring private corporate powers. While it may have been more appropriate to have named the Board of Governors of the Joint Underwriting Association, rather than the association itself, this is not a basis for finding that the action is not one against the state. Likewise, the Stabilization Reserve Fund, created by R.C. 3929.74, is specifically part of the Joint Underwriting Association and is administered by thirteen directors appointed by the Superintendent of Insurance. Again, it may be debatable as to whether the directors or the fund is the appropriate named "defendant"; nevertheless, the state agency involved has been sufficiently identified since the basic issue involved in this case is the disposition of the reserve fund, which is primarily vested in the Superintendent of Insurance by virtue of R.C. 3929.74 (G). In other words, even assuming that the Stabilization Reserve Fund and Joint Underwriting Association are not necessary or appropriate "defendants," the Superintendent of Insurance is, and it is he who is required to take certain action with respect to disposition of the reserve fund, which is the subject of his action, and it is the superintendent against whom injunctive relief is expressly sought by the prayer of the complaint.

Although the complaint herein specifically refers to agencies of the state, R.C. 2743.02 (E) specifically provides that: "The only defendant in the original actions in the Court of Claims is the state." By local rule C.C.R. 4 (A), the Court of Claims has required that the cap-

tion of the complaint include the name and address of the state agency whose acts are the basis of the complaint. However, the first paragraph of the complaint specifically states: "This action is brought * * * for declaratory judgment * * * against the State of Ohio, through its instrumentalities, the Superintendent of Insurance, the Stabilization Reserve Fund (SRF) and the Joint Underwriting Association (JUA) * * *." There was no basis for dismissing the action upon the ground that it was not brought against the state or that the agencies named were not instrumentalities of the state. The third assignment of error is well-taken.

The fourth assignment of error is concerned with the trial court's second ground for dismissal, the purported appeal rights under R.C. 3929.78. Ordinarily, the existence or nonexistence of appeal rights is irrelevant and immaterial to the right to declaratory relief. Here, there is not even a basis for a determination of appeal rights. It is true that R.C. 3929.78 provides for an appeal from a decision of the Joint Underwriting Association to the Board of Governors and from the Board of Governors to the Superintendent of Insurance, and from the superintendent to a court of common pleas pursuant to R.C. Chapter 119. However, only "final orders and decisions of superintendent" are subject to appeal. Here, it is the superintendent, not the association, which is charged with the responsibility to "cause the return of such excess fund monies to the physicians and hospitals that have contributed to the fund." There is no provision for notice and hearing or for an adjudication. Rather, R.C. 3929.74 (G) contemplates an administrative, not a quasi-judicial, determination by the superintendent. R.C. Chapter 119 permits appeal only of proceedings of administrative officers and agencies which are quasi-judicial, which is the case only where there is a requirement for notice, hearing and the opportunity for introduction of evidence. *M.J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150 [61 O.O.2d 394]. Although *M.J. Kelley* involved R.C. 2506.01, the general principles are the same, and the definition of adjudication in R.C. 119.01 (D) is essentially the same as that in R.C. 2506.01.

In addition, paragraphs five and six of the prayer of the complaint specifically seek injunctive relief, including relief to require the superintendent to make the determination required by R.C. 3929.74 (G), which the complaint alleges he has failed to do. In short, the complaint clearly alleges to the effect that there are no appeal rights available under the circumstances, even if the availability of a right of appeal could foreclose plaintiff from maintaining an action for declaratory judgment and ancillary relief against the state. Accordingly, the fourth assignment of error is well-taken.

Assignments of error one, two, five and six relate generally to the third stated reason for the trial court's dismissal of plaintiff's complaint, the alleged impropriety of maintaining an action for declaratory judgment in the Court of Claims. We find that the trial court erred in this regard, the determination being expressly contrary to the decision of this court in *A.F.S.C.M.E.* v. *Blue Cross* (1979), 64 Ohio App. 2d 262 [18 O.O.3d 227], wherein this court expressly held, at page 267, that the Court of Claims has "jurisdiction to render a declaratory judgment."

The trial court was confused by our decision in *Crown Controls Corp.* v. *Nationwide Ins. Co.* (Feb. 26, 1980), No. 79AP-600, unreported, which contains the fortuitous comment, at page 463, that "the state has previously consented to be sued in a declaratory judgment action by the specific provisions of the foregoing declaratory judgment act," which statement was unnecessary for the conclusion reached in *Crown*. On the other hand, in *A.F.S.C.M.E.*, we stated at pages 265-266:

"* * * The fact that the state con-

sented to permit its officers and employees to be sued in the Court of Common Pleas in those cases does not mean the state consented to itself be sued in those cases. Therefore, they are not authority for barring this action if we determine it is an action against the state of Ohio. * * *"

In *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287 [40 O.O. 326], cited in *A.F.S.C.M.E., supra,* the Supreme Court expressly held that a declaratory judgment action cannot be brought against the state itself but can be brought against a state officer or agency because such an action is not one against the state itself. Thus, our fortuitous statement in *Crown* is directly contradictory to *American Life & Accident Ins. Co., supra,* as well as to other prior decisions, including *A.F.S.C.M.E., supra.* Accordingly, we here disavow the *Crown* language and modify and reaffirm the judgment we reached in *A.F.S.C.M.E., supra.*

Prior to the consent of the state itself to be sued, it was generally recognized that state officers and agencies were subject to actions in injunction, mandatory injunction, mandamus and declaratory judgment so long as direct relief was not sought against the state but, instead, the remedy sought was to compel the officer or agency to perform a duty enjoined by law. Thus, declaratory judgment actions could be brought against state agencies, but the state itself could not be a party to such action. In *Crown,* however, the first declaratory judgment action was filed in the court of common pleas, and this action took precedence over a second declaratory judgment action filed in the Court of Claims since the plaintiff was not entitled to maintain two actions at the same time, seeking essentially the same relief in two different courts. Thus, this court in *Crown* found that the declaratory judgment action should have proceeded in the court of common pleas, rather than in the Court of Claims, under the circumstances involved.

The Court of Claims apparently construed *Crown* as requiring declaratory judgment to be ancillary to a request for monetary damages. There is nothing in *Crown* which so states. Nor is it necessary in this case to hold that declaratory judgment is an appropriate remedy in the Court of Claims where no other relief is sought or possible despite the provision in R.C. 2721.02 that: "Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." However, in this case, further relief is sought, albeit equitable in nature. As we noted in *A.F.S.C.M.E., supra,* at page 267, with respect to a similar contention that a prayer for an express monetary amount is a prerequisite "to require plaintiffs to set forth the calculated amount due * * * before determining that the state owes them anything would seem to subvert one of the purposes for which the Declaratory Judgment Act was adopted." While not expressly so stated, the relief sought by plaintiff is in the nature of an equitable accounting, as well as injunctive relief. It may be arguable that the express injunctive relief sought against the Superintendent of Insurance himself could be obtained in an action in the court of common pleas; however, Civ. R. 54 (C) provides that a party should be granted the relief to which he is entitled, rather than necessarily that which he specifically stated in his prayer, except with respect to demands for money judgment. The Court of Claims has equitable jurisdiction and may issue injunctions against the state itself, which relief cannot be granted in the court of common pleas which has no jurisdiction to entertain a suit against the state.

For this reason, and to this extent, the first, fifth and sixth assignments of error are well-taken. Even assuming that the allegations of the complaint were not sufficient, the trial court should have granted plaintiff leave to amend to cure the procedural defect. However, because

no amendment was necessary since the complaint stated a claim for relief as we have indicated above, there is no prejudicial error, and the second assignment of error is not well-taken.

Similarly, the seventh assignment of error is not well-taken, inasmuch as it is essentially frivolous, raising no issue which could be considered upon appeal.

For the foregoing reasons, the first, third, fourth, fifth and sixth assignments of error are sustained to the extent indicated, and the second and seventh assignments of error are overruled; and the judgment of the Court of Claims is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

McCORMAC and MOYER, JJ., concur.