UPJOHN COMPANY et al., Appellants,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.

[Cite as *Upjohn Co. v. Ohio Dept. of Human Serv.* (1991), 77 Ohio App.3d 827.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–532.

Decided Oct. 24, 1991.

828

Emens, Hurd, Kegler & Ritter Co., L.P.A., *William J. Brown*, *Roger P. Sugarman* and *Gene W. Holliker*, for appellants.

*Lee Fisher*, Attorney General, *Susan M. Sullivan* and *M. Celeste Cook*, Assistant Attorneys General, for appellee.

PEGGY BRYANT, Judge.

Plaintiffs-appellants, Upjohn Company ("Upjohn") and Angela Thomas, appeal from a judgment of the Court of Claims granting the motion to dismiss

of defendant-appellee, Ohio Department of Human Services ("ODHS"), as to all of Upjohn's claims and all of Thomas's claims except negligent processing.

Given the procedural posture of this case, we assume the factual allegations of plaintiffs' complaint to be true.

The Medicaid program established under Title XIX of the Social Security Act, Section 301, Title 42, U.S.Code, provides federal funds to reimburse states for medical assistance furnished to qualifying individuals based on medical and financial need. States receiving Medicaid funds may provide assistance to such individuals that differs in amount, scope, or duration based only on medical need. Section 1396a(a)(10)(B), Title 42, U.S.Code.

ODHS is authorized by R.C. 5111.02 to provide medical assistance under the Medicaid program and has adopted regulations pursuant to R.C. Chapter 119 to administer the program. Under Ohio Adm.Code 5101:3–9–02, ODHS established the Ohio Medicaid Drug Formulary, which lists drugs that qualify for automatic reimbursement. Drugs may be listed in the formulary if they satisfy cost-benefit criteria pursuant to Ohio Adm.Code 5101:3–9–02(C); drugs may be removed from the formulary pursuant to Ohio Adm.Code 5101:3–9–02(D) if they no longer satisfy these criteria.

Ohio Adm.Code 5101:3–9–02 thus establishes a two-tier system for prescription drug reimbursement: a provider is automatically reimbursed for drugs listed in the formulary, but is generally reimbursed for other drugs only if ODHS grants prior authorization. As a practical matter, a provider of drugs not listed in the formulary may delay filling prescriptions for such drugs until the provider is assured of reimbursement by prior authorization. Thus, the prior authorization procedure may delay an individual's receipt of a drug not listed in the formulary until ODHS authorizes payment, a process that can take several days or more.

Upjohn manufactures XANAX, an anti-anxiety drug of the chemical family benzodiazepene, which was listed in the formulary in 1985. Thomas is a Medicaid recipient whose stress-related disorder has been treated by her physician with XANAX since 1985. She was financially unable to obtain XANAX without assistance from the Medicaid program. Thomas's pharmacist was automatically reimbursed for filling her prescriptions for XANAX until ODHS removed XANAX from the formulary.

The Director of ODHS promulgated an amendment to Ohio Adm.Code 5101:3–9–12, effective April 20, 1989, that removed XANAX from the formulary. After the amendment became effective, Thomas attempted to have her monthly prescription for XANAX filled. Her pharmacist was no longer able to receive automatic reimbursement and did not fill the prescription until ODHS granted prior authorization, about eleven days later. Thomas did not

have access to XANAX while waiting for the prescription to be filled; during this period, she suffered a stress-related injury that required hospitalization.

Plaintiffs brought suit seeking injunctive and declaratory relief, as well as damages, based upon constitutional claims arising from removal of XANAX from the formulary. They alleged that removal of XANAX from the formulary violated the Supremacy Clause of the United States Constitution because differential treatment of similarly situated Medicaid recipients was based on cost rather than medical need; and that removal of XANAX from the formulary violated both the due process and equal protection provisions of the United States and Ohio Constitutions because the decision to remove XANAX was irrational and unreasonable. They also brought damages claims arising out of ODHS's alleged negligence in removing XANAX from the formulary; and Thomas brought a damages claim for alleged negligence in processing prior authorization requests. Plaintiffs also sought certification of a class action whose class members consisted of Medicaid recipients injured by ODHS's negligence, with Thomas as class representative.

On April 9, 1990, the Court of Claims in part granted ODHS's motion to dismiss the amended complaint, determining that the court had no jurisdiction to hear claims for declaratory and injunctive relief or for constitutional violations, and that the allegation that ODHS was negligent in removing XANAX from the formulary did not state a claim upon which relief could be granted. In an amended entry filed April 20, 1990, the Court of Claims dismissed all of Upjohn's claims and all of Thomas's damages claims except her claim for negligent processing of her prior authorization request. The court overruled plaintiffs' motion to certify a class consisting of persons injured by ODHS's negligent removal of XANAX from the formulary and reserved decision on the motion to certify a class consisting of persons injured as a result of negligent processing of prior authorization requests.

Plaintiffs appeal, assigning the following errors:

"1. The Court of Claims erred in ruling that it did not have jurisdiction over plaintiffs' claims for injunctive and declaratory relief and in dismissing those claims.

"2. The Court of Claims erred in ruling that it did not have jurisdiction to decide plaintiffs' claims for damages arising under the Ohio Constitution and the United States Constitution and in dismissing those claims.

"3. The Court of Claims erred in ruling that it did not have jurisdiction to decide plaintiffs' claims for injunctive relief arising under the Ohio Constitution and the United States Constitution and in dismissing those claims.

"4. The Court of Claims erred in dismissing plaintiffs' claim for damages resulting from defendant's negligent removal of XANAX from the Ohio Medicaid Drug Formulary.

"5. The Court of Claims erred in overruling plaintiffs' motion to certify a class of all persons who were injured as a result of defendant's negligent removal of XANAX from the Ohio Medicaid Drug Formulary."

As a threshold matter, we must determine whether the order of the Court of Claims, which did not adjudicate all of the claims of all of the parties, is a final appealable order, because we lack jurisdiction to review an order that is not final and appealable. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 90, 541 N.E.2d 64, 68.

An order that adjudicates one or more but fewer than all of the claims of a party is final and appealable if it satisfies the requirements of both R.C. 2505.02 and Civ.R. 54(B). *General Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266, 270. The trial court's order clearly complies with the Civ.R. 54(B) requirement that an order adjudicating "fewer than all of the claims or parties" is appealable only if it includes a determination that "no just reason for delay" exists. Thus, we need determine only whether the order meets the requirements under R.C. 2505.02.

Under R.C. 2505.02, we must first determine whether the order affects a substantial right, defined as "a legal right * * * protected by law." (Citation omitted.) *Gen. Acc., supra,* at 21, 540 N.E.2d at 271. If so, we must consider whether the order either was made in a special proceeding, or was made in an action which in effect determines the action and prevents a judgment. However, notwithstanding compliance with the foregoing requirements of R.C. 2505.02, an order is final only if it disposes of an entire claim arising from a single set of facts. *Aldrete v. Foxboro Co.* (1988), 49 Ohio App.3d 81, 82, 550 N.E.2d 208, 209; see, also, *Clark v. Upper Arlington Bd. of Edn.* (Aug. 2, 1990), Franklin App. No. 89AP–1495, unreported, 1990 WL 110269. A claim, in this context, is a "set of facts which gives rise to legal rights, not * * * the various legal theories of recovery which may be based upon those facts." *Aldrete, supra.*

As to the first requirement of R.C. 2505.02, the order dismissing plaintiffs' claims for damages, declaratory relief, and injunctive relief based on ODHS's improper removal of XANAX from the formulary deprives plaintiffs of remedies that they otherwise would possess; it therefore affects a substantial right of theirs. See *Chef Italiano, supra,* 44 Ohio St.3d at 88, 541 N.E.2d at 67.

■ Moreover, although Thomas potentially could recover money damages on her remaining claim for negligent processing of her prior authorization request, the order of the Court of Claims precludes both Upjohn and Thomas from obtaining any relief based on ODHS's improper removal of XANAX from the formulary. Because the order determines an entire claim arising out of the same set of facts and prevents a judgment in plaintiffs' favor on this claim, the dismissal of all of plaintiffs' claims arising out of the removal of XANAX from the formulary is a final order.

Finding the trial court's order to be final and appealable, we address plaintiffs' assigned errors.

Plaintiffs' first four assignments of error assert basically two points: (1) that the trial court erred in finding it lacked jurisdiction over plaintiffs' damages claims as well as their claims for declaratory and injunctive relief, and (2) that the trial court erred in determining that plaintiffs' claims for damages failed to state a claim for relief. Inasmuch as lack of jurisdiction and failure to state a claim are somewhat interrelated in connection with the Court of Claims, see *Nacelle Land & Mgt. Corp. v. Ohio Dept. of Natural Resources* (1989), 65 Ohio App.3d 481, 584 N.E.2d 790, we discuss jointly the issues in plaintiffs' first four assignments of error.

Examining first plaintiffs' claims for damages, we note that, pursuant to R.C. 2743.03(A)(1), plaintiffs may maintain an action against the state only if their claims are permitted by the state's waiver of immunity contained in R.C. 2743.02. The state's waiver of immunity under the Court of Claims Act is defined by R.C. 2743.02(A)(1), which provides that:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

The Supreme Court in *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, paragraph one of the syllabus, interpreted the foregoing language to mean that the state cannot be sued for " * * * its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * * "

R.C. 5111.02(E) entrusts to the Director of ODHS the decision to remove XANAX from the formulary. While the director may rely on the recommendations of ODHS employees, removal of drugs from the formulary is not the type of ministerial decision that can be carried out by a nonpolicymaking employee, especially considering Ohio Adm.Code 5101:3–9–02(D), which re-

quires consideration of the following factors enumerated in Ohio Adm.Code 5101:3–9–02(C) in removing a drug from the formulary:

"(1) Specific attributes and/or benefits of the drug.

"(2) Availability and cost-effectiveness of the drug in relation to alternative products.

"(3) Availability of bioequivalent generic products."

Consideration of such factors, especially in relation to a particular alternative, involves the exercise of official judgment and discretion, see *Winwood v. Dayton* (1988), 37 Ohio St.3d 282, 284, 525 N.E.2d 808, 810, and renders immune the director's decision to remove XANAX from the formulary.

We disagree with plaintiffs' contention that the only policy decision herein was ODHS's decision to reduce the costs of drugs for Medicaid recipients, and that removal of XANAX from the formulary merely implemented ODHS's decision to reduce these costs. ODHS's decision to remove certain anti-anxiety drugs from the formulary as the means to achieve its cost-savings objective represented a choice among policy alternatives; thus, pursuant to *Garland v. Ohio Dept. of Transp.* (1990), 48 Ohio St.3d 10, 11–12, 548 N.E.2d 233, 234–235, its selection of this particular alternative was a policy decision.

In short, removal of XANAX from the formulary was an executive policymaking function involving the exercise of a high degree of official judgment and discretion. Consequently, plaintiffs cannot maintain a claim for money damages against the state in the Court of Claims arising out of ODHS's removal of XANAX from the formulary, whether the court be deemed to lack jurisdiction under *Reynolds* or plaintiffs' complaint be deemed not to state a claim outside the scope of the state's immunity under R.C. 2743.02.

We next address plaintiffs' contention that the Court of Claims erred in dismissing their claims for declaratory and injunctive relief for lack of subject-matter jurisdiction. R.C. 2743.03(A), which defines the jurisdiction of the Court of Claims, provides two bases for the jurisdiction of the Court of Claims over claims for injunctive and declaratory relief:

"(1) * * * The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code * * *.

"(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the

court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. * * * "

As to the first of these, the Court of Claims Act and the state's waiver of immunity therein do not apply to actions against the state to the extent that the state, as defined by R.C. 2743.01(A), has previously consented to be sued. R.C. 2743.02.

■ The state had consented to declaratory actions against state agencies in the court of common pleas to determine the validity of administrative rules before the Court of Claims Act was adopted in 1975. See, *e.g., Burger Brewing Co. v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261. Because R.C. 2743.01(A) defines "state" to include state agencies, the state's consent to such actions against state agencies constitutes consent to actions against the "state." See *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 320, 28 OBR 386, 388, 503 N.E.2d 1025, 1028. Similarly, the "state," as defined in R.C. 2743.01(A), had consented to actions seeking injunctive relief before R.C. Chapter 2743 was enacted. *Racing Guild, supra.*

Because the state had consented to suit upon such claims before adoption of the Court of Claims Act, plaintiffs' claims for declaratory and injunctive relief are not claims permitted by the state's waiver of immunity. *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App.2d 271, 272, 6 O.O.3d 280, 280, 369 N.E.2d 1056, 1057; see, also, *Fish v. Ohio Dept. of Transp.* (Sept. 29, 1988), Franklin App. No. 88AP–355, 1988 WL 102002. Accordingly, plaintiffs' claims for declaratory and injunctive relief are not within the jurisdiction of the Court of Claims pursuant to R.C. 2743.03(A)(1).

■ Although plaintiffs' claims for declaratory and injunctive relief are not permitted by the state's waiver of immunity, the Court of Claims nevertheless has jurisdiction over these claims under R.C. 2743.03(A)(2) if they arise out of the same circumstances that gave rise to a claim permitted by the state's waiver of immunity.

Arguably, R.C. 2743.03(A)(2) allows the trial court jurisdiction of plaintiffs' claims for declaratory and injunctive relief only if (1) they arise out of the same circumstances as plaintiffs' claim for money damages, and (2) plaintiffs' claim for money damages is permitted by the state's waiver of immunity. Given our determination that plaintiffs' money damages claim is not permitted by the state's waiver of immunity, and applying the foregoing interpretation of R.C. 2743.03(A)(2), the Court of Claims lacks jurisdiction over plaintiffs' claims for injunctive and declaratory relief arising out of defendant's removing XANAX from the drug formulary.

Plaintiffs apparently assert a somewhat different interpretation of R.C. 2743.03(A)(2), contending that, since they have asserted a claim for money damages, then pursuant to R.C. 2743.03(A)(2), the Court of Claims has jurisdiction over plaintiffs' claims for declaratory and injunctive relief provided these claims arise out of the same circumstances as plaintiffs' claim against the state for money damages. See *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 87–88, 18 OBR 122, 123–124, 480 N.E.2d 82, 83–84; *Armstrong/Mahan Joint Venture v. Ohio Dept. of Adm. Serv.* (Dec. 31, 1987), Franklin App. No. 87AP–1073, unreported, 1987 WL 32223.

While plaintiffs' claims for declaratory and injunctive relief arise out of the same circumstances as plaintiffs' claims against the state for money damages, again, we have determined that plaintiffs' money damages claims at issue in this appeal fail to set forth a claim allowed by the state's waiver of immunity, *i.e.*, the state's decision on which plaintiffs predicate their claim for money damages is immune from liability under *Reynolds, supra.* Hence, even under plaintiffs' asserted interpretation of R.C. 2743.03(A)(2), the issue resolves to whether the Court of Claims is required to maintain jurisdiction over plaintiffs' claims for declaratory and injunctive relief when the money damages claims arising out of the same circumstances are dismissed.

The purpose of R.C. 2743.03(A)(2), as applied herein, is to collect related claims before one tribunal. However, we question whether that section intended necessarily to saddle the Court of Claims with claims for declaratory and injunctive relief when (1) those claims may be maintained in the common pleas court, and, in the context of this appeal, (2) no related money damages claim is pending before the Court of Claims. Indeed, such a result seems contrary to the purpose underlying creation of the Court of Claims.

As a result, to the extent R.C. 2743.03(A)(2) may be interpreted to grant the Court of Claims jurisdiction over plaintiffs' claims for injunctive and declaratory relief due to plaintiffs' allegation of a money damages claim arising out of the same circumstances, then, where the damages claim is dismissed on pretrial motion, the Court of Claims properly may dismiss the claims for declaratory and injunctive relief and allow those claims to proceed in the common pleas court as they could have in the absence of R.C. Chapter 2743 and the Court of Claims.

While the Court of Claims delineated reasons other than those set forth above in dismissing plaintiffs' claim, to the extent the Court of Claims erred, we find no prejudicial error in the court's actions given our resolution of plaintiffs' assigned errors. Accordingly, we overrule plaintiffs' first, second, third, and fourth assignments of error.

■ Plaintiffs' fifth assignment of error asserts that the Court of Claims erred in refusing to certify a class action consisting of "all Medicaid recipients whose prescriptions for XANAX or other benzodiazepenes have not been filled or have been delayed in being filled as a result of the removal of XANAX and other benzodiazepenes from the Ohio Medicaid Drug Formulary." Denial of class certification is a final appealable order, *Roemisch v. Mut. of Omaha Ins. Co.* (1974), 39 Ohio St.2d 119, 68 O.O.2d 80, 314 N.E.2d 386. Thus, this court has jurisdiction to review the order denying certification.

The Court of Claims did not deny class certification because plaintiffs failed to satisfy the requirements for certification set forth in Civ.R. 23. Rather, the Court of Claims concluded that certification of a class defined in terms of harm incurred "as a result of the removal of XANAX" from the formulary was inappropriate because the court lacked jurisdiction over claims for such harm.

Having determined that plaintiffs cannot maintain their claims in the Court of Claims, the trial court did not err in refusing to certify a class action based on these claims. Consequently, we overrule plaintiffs' fifth assignment of error.

Having overruled all of plaintiffs' assignments of error, we affirm the decision of the Court of Claims.

*Judgment affirmed.*

JOHN C. YOUNG, J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, Judge, dissenting.

To the extent that the majority opinion holds that the Court of Claims has no jurisdiction to entertain injunctive and declaratory relief in the Court of Claims in reliance upon *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025, I must respectfully dissent since such determination is inconsistent, not only with numerous prior judgments of this court but, also, with judgments of the Supreme Court and the statute itself.

Paragraph one of the syllabus of *Racing Guild* reads as follows:

"An action for injunctive relief may be brought against the state, as defined in R.C. 2743.01(A), in a court of common pleas. (*Brownfield v. State* [1980], 63 Ohio St.2d 282 [17 O.O.3d 181, 407 N.E.2d 1365], overruled in part.)"

Confusion had been created by the *Brownfield* case, partly overruled by *Racing Guild,* from a statement at 283–284, 17 O.O.3d at 182, 407 N.E.2d at 1366, of the *per curiam* opinion:

" * * * Appellants have not referred this court to any statute, nor has independent research disclosed one, authorizing the maintenance of an injunctive action *directly* against the state of Ohio in a Court of Common Pleas. We do not believe that the state has consented to such a suit in that forum. For this reason, we hereby dismiss the state of Ohio as a party to this cause." (Emphasis added; footnotes omitted.)

Both the *Brownfield* and *Racing Guild* decisions are reconcilable if the provisions of prior case law and the present statute are analyzed and properly applied. In this regard, we must note that *Racing Guild* overruled *Brownfield* only to the extent that there was an inconsistency without elucidating as to the nature of the inconsistency. In waiving the state's immunity to suit and consenting to actions being brought in the Court of Claims against the state, R.C. 2743.02(A) states that " * * * [t]o the extent that the state has previously consented to be sued, this chapter has no applicability." The difficulty arises from the definition of "state" in R.C. 2743.01(A) as follows:

" 'State' means the state of Ohio, including, without limitation, its departments, boards, offices, commissions, agencies, institutions, and other instrumentalities. It does not include political subdivisions."

Under case law prior to the adoption of R.C. Chapter 2743, a distinction was sometimes made between state officers and the state itself. This distinction is well set forth in *State ex rel. Williams v. Glander* (1947), 148 Ohio St. 188, 35 O.O. 192, 74 N.E.2d 82, relied upon in *Brownfield* and *Am. Life & Acc. Ins. Co. v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301, relied upon in *Racing Guild.* In the opinion of *Williams,* 148 Ohio St. at 193, 35 O.O. at 194–195, 74 N.E.2d at 85, it is stated:

"In 49 American Jurisprudence, 304, Section 92, it is said:

" 'While a suit against state officials is not necessarily a suit against the state, within the rule of immunity of the state from suit without its consent, that rule cannot be evaded by bringing an action nominally against a state officer or a state board, commission, or department in his or its official capacity when the real claim is against the state itself, and the state is the party vitally interested. If the rights of the state would be directly and adversely affected by the judgment or decree sought, the state is a necessary party defendant, and if it cannot be made a party, that is, if it has not consented to be sued, the suit is not maintainable. * * * ' "

The fourth paragraph of the syllabus of *Am. Life & Acc. Ins. Co.* reads as follows:

"An action against the administrator of a state bureau for a declaratory judgment pronouncing the rights, status or other legal relations of the plaintiff with reference to a statute is not an action against the state, even though other incidental relief is granted."

Accordingly, the syllabus of *Racing Guild* must be read in light of the prior court decisions. Prior decisions authorized "or consented" to suits against state officers and agencies in declaratory judgment and injunction, but not against the state itself. Thus, the opinion of *Racing Guild* holds that, to the extent that prior case law permitted suits against the state as defined by R.C. 2743.01(A) in a court of common pleas, they still could be maintained in that court. Such suits, however, were permitted against the "state" as so defined only if no relief was sought directly against the state.

This court has repeatedly attempted to make this distinction commencing with *State ex rel. Ferguson v. Shoemaker* (1975), 45 Ohio App.2d 83, 74 O.O.2d 109, 341 N.E.2d 311, wherein we held at 96, 74 O.O.2d at 116, 341 N.E.2d at 319:

"A direct action on a contract with the state, seeking monetary relief from the state, must be commenced and prosecuted in the Court of Claims and cannot be brought in the Court of Common Pleas. However, where appropriate, injunctive relief may be sought against a state officer, even though it involves a state contract, and the action for such relief may be brought in the Court of Common Pleas. * * * "

We noted that not all cases against state officers are actions against the state itself barred by the former doctrine of sovereign immunity noting in particular that mandamus will lie and is not considered an action against the state, citing *State ex rel. Nichols v. Gregory* (1935), 130 Ohio St. 165, 4 O.O. 59, 198 N.E. 182. We also stated in 45 Ohio App.2d at 91, 74 O.O.2d at 113, 341 N.E.2d at 316:

"Although the action in the Court of Common Pleas sought to be prohibited is in injunction rather than mandamus, the same principles apply. An action brought in a Court of Common Pleas for an injunction against a state officer is not *per se* precluded by R.C. Chapter 2743, creating and vesting jurisdiction in the Court of Claims; such an action may be proper irrespective of the doctrine of sovereign immunity. * * * "

On the other hand, in *A.F.S.C.M.E. v. Blue Cross of Central Ohio* (1979), 64 Ohio App.2d 262, 18 O.O.3d 227, 414 N.E.2d 435, we expressly held that the Court of Claims has jurisdiction to render a declaratory judgment as well as to

afford equitable relief, such as injunction. In the course of the opinion at 265, 18 O.O.3d at 229, 414 N.E.2d at 438, we stated:

"Defendants argue that plaintiffs' complaint is an action against officers of the state rather than the state of Ohio. The cases cited by defendants are all cases in which employees or officers of the state, not the state of Ohio, were the parties. They are cases involving actions to enjoin an employee or officer of the state from performing some act or to require him to perform an act. The fact that the state consented to permit its officers and employees to be sued in the Court of Common Pleas in those cases does not mean the state consented to itself be sued in those cases. * * * "

We considered this same issue in *Plastic Surgery Associates, Inc. v. Ratchford* (1982), 7 Ohio App.3d 118, 7 OBR 151, 454 N.E.2d 567, with respect to the jurisdiction of the Court of Claims. Our decision therein is consistent with the decision of the Supreme Court in *Racing Guild,* stating at 121, 7 OBR at 154, 454 N.E.2d at 571:

"Prior to the consent of the state itself to be sued, it was generally recognized that state officers and agencies were subject to actions in injunction, mandatory injunction, mandamus and declaratory judgment so long as direct relief was not sought against the state but, instead, the remedy sought was to compel the officer or agency to perform a duty enjoined by law. Thus, declaratory judgment actions could be brought against state agencies, but the state itself could not be a party to such action. * * * "

We further expressly found, however, where direct relief is sought against the state itself, rather than merely against a state officer or agency, the Court of Claims does have jurisdiction of an action for declaratory and injunctive relief predicated upon action or inaction of a state officer or agency. This conclusion is consistent with *Racing Guild,* since *Racing Guild* found merely that, to the extent an action was previously authorized against the "state" as defined by R.C. 2743.01(A), an action for injunction or declaratory judgment could be brought in the court of common pleas.

*Racing Guild* did not purport to determine the jurisdiction of the Court of Claims and, consistent with *Racing Guild,* to the extent that prior case law did not permit an action in declaratory judgment or injunction to be brought against the "state" as defined in R.C. 2743.01(A), it must necessarily be concluded that such action may be maintained in the Court of Claims.

We further attempted to clarify the issue in *State ex rel. Polaroid Corp. v. Denihan* (1986), 34 Ohio App.3d 204, 517 N.E.2d 1021 (also consistent with *Racing Guild*), and we stated at 211, 517 N.E.2d at 1029:

" * * * We know of no case holding that an action in injunction may not be brought in a common pleas court to prevent a state officer from committing an illegal act. Under such circumstances, the state's interests are advanced by the person bringing the action rather than the state official. There is no reason to bring the action against the state itself since the state officer, by attempting to perform an illegal act, is acting contrary to the state's interests. Only when the real party in interest is the state itself, rather than the state officer, is an action brought against a state officer, whether in injunction or declaratory judgment, deemed to be an action against the state and, thus, required to be brought in the Court of Claims. See *West Park Shopping Center v. Masheter* (1966), 6 Ohio St.2d 142, 35 O.O.2d 216, 216 N.E.2d 761. * * * "

In *Polaroid*, we distinguished *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82, which found exclusive jurisdiction in the Court of Claims of an action which sought declaratory and injunctive relief against the state. At 87, 18 OBR at 123–124, 480 N.E.2d at 83–84, of the *per curiam* opinion, it is stated in part:

"In the present case appellees sought injunctive, declaratory, and other necessary and proper relief. Further, the court of appeals remanded the cause for determination of damages. We must determine whether the court of common pleas has concurrent jurisdiction over this case, or whether the Court of Claims has exclusive subject matter jurisdiction.

"To begin, it is beyond dispute that this is a suit against the state. R.C. 2743.01(A) defines 'state' as including its 'agencies'; DMRDD is a state agency. Although the named defendants are certain DMRDD officials, the conduct in question concerns agency policy. * * *

"It is also clear that had appellees sued solely for declaratory relief the court of common pleas would have jurisdiction. The state had consented to declaratory judgment suits prior to 1975. * * * However, appellees attached a prayer for injunctive relief as well and, further, the cause has been remanded for a determination of *damages*. Standing alone, each of the latter two requests is within the exclusive, original jurisdiction of the Court of Claims." (Citations omitted.)

The issue is compounded by the dual definition of "state" in R.C. 2743.01(A) which necessarily includes some actions which were not considered actions against the state under prior case law and some actions which were considered actions against the state and, thus, precluded by the prior doctrine of sovereign immunity. Under prior case law, where an action for relief, whether in mandamus or injunction, was brought against a state officer and agency seeking to enforce the interests of the state by having the state officer

or agency be compelled to follow state law, the action was not deemed one against the state since it is in the state's interest to have its law followed by its officers and agencies. On the other hand, where the relief sought was adverse to the interests of the state, whether in declaratory judgment, injunction or damages, no action against the state could be maintained. The state arguably "consented" to suit in the former instance, but did not in the latter. Thus, with respect to the latter type of claim against the state, there has been no prior consent and, necessarily, an action in the Court of Claims against the state is appropriate even though founded in declaratory judgment or injunction. We expressly held in *Plastic Surgery, supra,* that no direct or indirect ancillary request for damages need be the basis for the Court of Claims' jurisdiction in order for a claim in declaratory judgment or injunction directly against the state and against the state's interest be maintained in the Court of Claims. As noted, such determination is consistent with *Racing Guild,* which determined only when an action against the "state" could be maintained in the court of common pleas, but did not determine when and to what extent an action in declaratory judgment or injunction could be maintained in the Court of Claims directly against the state itself.

Since I find that the Court of Claims has jurisdiction over the claims for declaratory judgment and injunction, it necessarily follows that the judgment should be reversed and the cause remanded to that court for further consideration. We reached a similar conclusion in *Rickard v. Ohio Dept. of Liquor Control* (1986), 29 Ohio App.3d 133, 29 OBR 149, 504 N.E.2d 724. Accordingly, I dissent.