[Cite as *Williams v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7019.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THOMAS WILLIAMS

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-05170

Judge Joseph T. Clark
Magistrate Steven A. Larson

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On August 27, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 2, 2009, plaintiff filed a response and a motion for leave to file a cross-motion for summary judgment. Defendant's motion for summary judgment is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} As an initial matter, plaintiff's motion for leave is DENIED.

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 5}  At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Madison Correctional Institution (MCI) pursuant to R.C. 5120.16. Plaintiff asserts that defendant's employees confiscated his musical keyboard in violation of defendant's policy regarding prohibited property.  Plaintiff alleges that he was given permission to purchase the keyboard only to have it confiscated as a "security risk" pursuant to a policy that defendant adopted some two years later. Defendant argues that it is entitled to discretionary immunity for the decision to confiscate plaintiff's keyboard because such decision involves matters of institutional security.

{¶ 6}  The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70.  Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547.

{¶ 7}  The court finds that defendant's decisions pertaining to plaintiff's keyboard are characterized by a high degree of official judgment or discretion with regard to institutional security and that defendant is therefore entitled to discretionary immunity for claims arising therefrom.

{¶ 8} To the extent that plaintiff asserts claims for injunctive and declaratory relief such claims are properly before this court only if "(1) they arise out of the same circumstances as [plaintiff's] claim for money damages, and (2) [plaintiff's] claim for money damages is permitted by the state's waiver of immunity." *Upjohn v. Ohio Dept. of Human Serv.* (1991), 77 Ohio App.3d 827, 834. Inasmuch as plaintiff's underlying claim for monetary relief fails, so too must his claims for declaratory and injunctive relief.

{¶ 9} Based upon the foregoing, the court finds that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Thomas Williams, #398-023
Madison Correctional Institution
1851 State Route 56
P.O. Box 740
London, Ohio 43140-0740

MR/cmd
Filed November 6, 2009
To S.C. reporter December 29, 2009